THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ANA CECILIA SOSTRE COLÓN, Defendant and Appellant.

Nos. Cr-62-111, Cr-62-112, Cr-62-113. Decided November 5, 1962.

*José Rafael Gelpí* for appellant. *J. B. Fernández Badillo,
Solicitor General,* and *Rodolfo Cruz Contreras, Assistant
Solicitor General,* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

Appellant was charged with six violations of § 4 of Act No. 220 of May 15, 1948, 33 L.P.R.A. § 1250, consisting in that she had in her possession paper lists containing three-digit numbers followed by a hyphen and another number to the right. She was found guilty of the violations committed on September 12 and 26 and October 10, 1959, and was sentenced to serve six months in jail, to be served concurrently.

The only error assigned is the trial court's refusal to grant a trial by jury in the cases for the violations of September 26 and October 10, alleging that § 4, after describing the offense, provides that [the person accused] "shall upon conviction, be punished by imprisonment in jail for a term of not less than six (6) months nor more than two (2) years; and for the second and subsequent violations shall be punished by imprisonment in the penitentiary for not less than one (1) year nor more than ten (10) years." She is not right. At the time of filing the informations defendant had not been found guilty of any former violation, and therefore the district attorney acted correctly in charging her with the commission of misdemeanors. Commission of a violation alone is not sufficient; it is necessary that there be a former conviction. The fallacy of the assignment may be better appreciated if we consider the possibility that defendant might have been acquitted of the first five informations. Could she, perhaps, be found guilty of the felony provided in § 4 if the court had found that only the facts charged in the sixth violation had been proved? Furthermore, appellant can not complain of anything because, since the sentences imposed were to be served concurrently, for all practical purposes she was found guilty of only one misdemeanor.

The judgments rendered by the Superior Court, Bayamón Part, on March 31, 1960 will be affirmed.